UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON FAULKNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5493** |
| **MARLIN N. GUSMAN, ET AL.** | **SECTION: "I"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Milton Faulkner, a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983. He sued Orleans Parish Sheriff Marlin N. Gusman and other unidentified defendants. In this lawsuit, plaintiff claims that he was confined in unsanitary conditions within the Orleans Parish Prison system.

**I.  Standards of Review**

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Applying the foregoing provisions of law, the undersigned recommends that, for the following reasons, plaintiff's complaint be dismissed as frivolous, malicious, and/or for failing to state a claim on which relief may be granted.

## II.  Plaintiff's Claims

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on January 21, 2016.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[2]  Based on his complaint, broadly construed,[3] and his Spears hearing testimony, the Court finds that plaintiff is making the following allegations in this lawsuit:  While plaintiff was confined in one of the older buildings within the Orleans Parish Prison system, there was mold in the shower area and "leeches" or "worms" coming out of the shower drains and sinks.  He originally filed a lawsuit challenging those conditions in 2014; however, he was subsequently released of the middle of 2014, and that lawsuit was dismissed.  He was then once again incarcerated in Orleans Parish in October of 2014,

---

[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[3] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

which prompted him to file the instant lawsuit.  After this lawsuit was filed, plaintiff was transferred to the parish's recently opened new jail.

As noted, plaintiff previously filed a lawsuit challenging his exposure to these same conditions during his *prior* period of incarceration within the Orleans Parish Prison system.  That lawsuit was dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Faulkner v. Gusman, Civ. Action No. 14-1284 "C"(1) (E.D. La. Sept. 8, 2014).[4]  Therefore, to the extent that plaintiff is now attempting to reassert those same claims concerning his *prior* confinement, his claims should be dismissed as malicious.

To the extent that plaintiff's claims concern only the conditions he has experienced during his *current* period incarceration, those claims are not subject to dismissal as malicious.  However, for the following reasons, they are subject to dismissal as frivolous and/or for failing to state a claim on which relief may be granted.

Plaintiff is a pretrial detainee.[5]  It is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted).  Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences.  Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 Fed. App'x 369, 371 (5th Cir. 2008); Maddox v. Gusman, Civ. Action No. 14-2435, 2015 WL 1274081, at *3 (E.D.

---

[4] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).
[5] See Rec. Doc. 3, p. 3.

La. Mar. 19, 2015).  For the following reasons, it is apparent that the conditions alleged by plaintiff, while unpleasant, concerned nothing more than *de minimis* inconveniences which did not constitute "punishment" or otherwise rise to the level of constitutional violations.

Clearly, there is a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional.  See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional).  That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

Here, as noted, plaintiff complains that there was mold in the showers.  However, the jurisprudence has repeatedly held that the mere fact that mold is present in a jail does not render an inmate's confinement unconstitutional.  See, e.g., Eaton v. Magee, Civ. Action No. 2:10-cv-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); Barnett v. Shaw, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), adopted, 2011 WL 2214383 (N.D. Tex. June 7, 2011); Reynolds v. Newcomer, Civ. Action No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (plaintiff's complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a *de minimis* level of imposition with which the

Constitution is not concerned" (quotation marks omitted)); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation.").

Similarly, the presence of "leeches" or "worms" does not rise to the level of a constitutional violation. See, e.g., Selestan v. Gusman, Civ. Action No. 13-6468, 2015 WL 6442345, at *7-8 (E.D. La. Oct. 23, 2015); Walton v. Topps, Civ. Action No. 12-0931, 2012 WL 3947629, at *1 and 7 (E.D. La. July 23, 2012), adopted, 2012 WL 39476976 (E.D. La. Sept. 10, 2012); Magee v. Crowe, Civ. Action No. 09-0167, 2010 WL 1751575, at *6-7 (E.D. La. Apr. 1, 2010), adopted, 2010 WL 1751646 (E.D. La. Apr. 29, 2010).

In summary, the Court notes that it is not unsympathetic to plaintiff's various complaints concerning these conditions. On the contrary, the Court has no doubt that, before he was moved to the new facility, the conditions plaintiff endured within the Orleans Parish Prison system were uncomfortable and unpleasant. However, for the reasons explained herein, that simply is not test -- the only issue before the Court is whether the conditions were *unconstitutional*. The conditions alleged in this case, while lamentable, were not unconstitutional.[6]

---

[6] Out of an abundance of caution, the undersigned makes two additional observations. First, to the extent that plaintiff was seeking some form of declaratory or injunctive relief in this lawsuit, any such relief would no longer be available to him even if he were able to prove a constitutional violation regarding the conditions of his former confinement. As noted, plaintiff testified that, after filing this lawsuit, he was transferred to the new jail. That transfer rendered any request for declaratory or injunctive relief moot. Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Crumpton v. Crain, 224 Fed. App'x 444 (5th Cir. 2007); Tamfu v. Ashcroft, No. 02-10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002); Gresham v. Hawk, No. 00-10597, 2000 WL 1901400 (5th Cir. Dec. 4, 2000). Second, to the extent that plaintiff was seeking compensatory damages, he has not alleged that the conditions resulted in a physical injury. Federal law is clear: a prisoner may not be awarded compensatory damages for emotional or mental damages absent a physical injury. Herman, 238 F.3d at 665-66; see also Tuft v. Texas, 410 Fed. App'x 770, 774 (5th Cir. 2011); Gresham, 2000 WL 1901400, at *1.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, malicious, and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of January, 2016.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**